IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| SERVICE WOMEN'S ACTION NETWORK, | ) | |
| and | ) | |
| VIETNAM VETERANS OF AMERICA, | ) | |
| Petitioners, | ) | |
| v. | ) | 2014-7115 |
| ROBERT A. McDONALD,<br>Secretary of Veterans Affairs, | ) | |
| Respondent. | ) | |

## RESPONDENT'S MOTION TO SUPPLEMENT THE APPENDIX

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Federal Circuit Rules, respondent, Robert A. McDonald, Secretary of Veterans Affairs, respectfully requests leave to supplement the appendix to be filed in this appeal with a November 29, 2000 letter from petitioner, Vietnam Veterans of America (VVA), to the Department of Veterans Affairs (VA), a copy of which is attached to this motion. As demonstrated below, VVA's letter is in response to VA's 2000 notice of proposed rulemaking that resulted in the current version of 38 C.F.R. § 3.304(f)(5), the regulation at issue in this case. Because this appeal does not directly challenge that rulemaking, but rather VA's 2014 determination not to engage in rulemaking pursuant to a request by petitioners, VVA and the Service Women's Action Network, VVA's comment letter was not included in the index of the record for this appeal. However, an argument contained in petitioners' opening brief implicates

VVA's comment letter. Accordingly, we seek leave to include the letter in the appendix to this appeal. Counsel for petitioners represent that they neither oppose nor consent to the inclusion of this document in the appendix.

In this appeal, petitioners seek review of VA's July 2014 denial of their petition to liberalize 38 C.F.R. § 3.304(f)(5), which governs claims for compensation for post-traumatic stress disorder (PTSD) based upon in-service personal assaults, including military sexual trauma (MST). The letter that is the subject of this motion was submitted by petitioner VVA to VA as part of the notice and comment rulemaking proceeding for § 3.304(f)(5) (originally codified at § 3.304(f)(3)). In that letter, VVA addressed the last sentence of the regulation, which, as originally proposed, would have provided: "VA may submit any evidence that it receives to an appropriate medical professional for an opinion as to whether it indicates that a personal assault occurred." *Post-Traumatic Stress Disorder Claims Based on Personal Assault*, 65 Fed. Reg. 61,132, 61,133 (Oct. 16, 2002).

In its comment letter, VVA "essentially concur[red]" with the regulation as originally proposed, but commented that "the last sentence . . . should reference both 'medical and mental health professionals' with respect to the VA's solicitation of expert opinions to corroborate the existence of a personal assault." Att. at 1. VVA concluded, "[t]he option of referring relevant evidence to a mental health professional for an expert opinion should be expressly provided in the regulation." Att. at 1.

VVA now takes an inconsistent position in this appeal. VVA challenges the final sentence of § 3.304(f)(5) as improper:

> PTSD claims allows VA to "submit any evidence that it receives to an appropriate medical or mental health professional for an opinion as to whether it indicates that a personal assault occurred. . . ." No other regulation expressly directs VA to seek outside review of evidence to prove that an in-service stressor occurred, only to prove that the stressor was connected to the veteran's symptoms. . . . This provision calls into question the veracity of MST-related claims, subjecting survivor lay testimony to yet another layer of review.

Pets. Br. at 25 (citations omitted).

Accordingly, although VA did not rely upon VVA's November 29, 2000 comment letter when denying petitioners' rulemaking request and, therefore, did not include the letter in the record, it now is necessary to include the letter in the appendix to permit us to fully respond to petitioners' arguments on appeal. Petitioners have not disputed the accuracy of the letter, and the letter is part of the public record of the rulemaking for § 3.304(f)(5). *See, e.g.,* Fed. R. Evid. 201(b)(2) (permitting Court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495, 497 n.1 (Fed. Cir. 1997) (supplementing record on appeal with a public record).

For these reasons, the Government respectfully requests leave to supplement the appendix to be filed in this appeal with the attached November 29, 2000 letter from VVA to VA.

|  |  |
|---|---|
| | Respectfully submitted, |
| | JOYCE R. BRANDA<br>Acting Assistant Attorney General |
| OF COUNSEL: | |
| | s/Robert E. Kirschman, Jr./<br>    by Martin F. Hockey, Jr. |
| DAVID J. BARRANS<br>Acting Assistant General Counsel | ROBERT E. KIRSCHMAN, JR.<br>Director |
| | s/Allison Kidd-Miller |
| MARTIE ADELMAN<br>Attorney<br>Department of Veterans Affairs<br>Office of General Counsel<br>810 Vermont Avenue, N.W.<br>Washington, DC 20420 | ALLISON KIDD-MILLER<br>Assistant Director<br>Civil Division<br>U.S. Department of Justice<br>PO Box 480, Ben Franklin Station<br>Washington, DC 20044<br>Tel: (202) 305-3020<br>Fax: (202) 514-7969 |
| March 13, 2015 | Attorneys for Respondent |

**ATTACHMENT**



# Vietnam Veterans of America

8605 Cameron Street, Suite 400 • Silver Spring, MD 20910
Telephone (301) 585-4000 • Fax Main (301) 585-0519
World Wide Web: http://www.vva.org

*A Not-For-Profit Veterans Service Organization Chartered by the United States Congress*

Rec'd in 02D on 11/30/00 via Expressed Mail

November 29, 2000

Mr. Thomas O. Gessel  **By Express Mail**
Director, Office of Regulations Management (02D)
Department of Veterans Affairs
810 Vermont Avenue, N.W., Room 1154
Washington, D.C. 20420

Re: Proposed Rule Regarding Post-Traumatic Stress Disorder Based Upon Personal Assault (RIN 2900-AK00)

Dear Mr. Gessel,

Pursuant to the Department of Veterans Affairs (VA) notice in 65 Fed. Reg. 61,132 (October 16, 2000), Vietnam Veterans of America (VVA) hereby provides its comments to the proposed regulation referenced above.

VVA essentially concurs with the provisions of the proposed regulation, however, we believe that two revisions are necessary to clarify matters and to take into account certain relevant factors. Both appear in the proposed 38 C.F.R. § 3.304(f)(3). In the second sentence, dealing with examples of credible supporting non-service medical record evidence of a stressor, we believe that the list of examples should include evidence of pregnancy tests and testing for sexually transmitted diseases. Such testing is a logical result in the aftermath of a sexual assault and constitutes strong evidence that such an assault had occurred.

In addition, we believe the last sentence of § 3.304(f)(3) should reference both "medical and mental health professionals" with respect to the VA's solicitation of expert opinions to corroborate the existence of a personal assault. Often, personal assaults, especially those of a sexual nature, go unreported. Physical injuries frequently heal before the victim seeks professional assistance. In these cases, evidence of the assault lies in the victim's psyche. The option of referring relevant evidence to a mental health professional for an expert opinion should be expressly provided in the regulation.

VVA appreciates VA's consideration of our comments and strongly urges their inclusion in the final version of the regulation.

Sincerely,

Leonard J. Selfon, Esq.
Director, Veterans Benefits Program

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

SERVICE WOMEN'S ACTION NETWORK, )
)
and )
)
VIETNAM VETERANS OF AMERICA, )
)
    Petitioners, )
)
v. ) 2014-7115
)
ROBERT A. McDONALD, )
Secretary of Veterans Affairs, )
)
    Respondent. )

## ORDER

Upon reading and considering respondent's motion to supplement the appendix, it is hereby: ORDERED that the November 29, 2000 letter from petitioner, Vietnam Veterans of America, to the Department of Veterans Affairs is accepted as part of the appendix.

FOR THE COURT:

_____

Dated: _____, 2015
       Washington, D.C.

cc:    Michael Joel Wishnie
        Allison Kidd-Miller

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 13th day of March, 2015, a copy of the foregoing "RESPONDENT'S MOTION TO SUPPLEMENT APPENDIX" was filed electronically.

**X** This filing was served electronically to all parties by operation of the Court's electronic filing system.

/s/Allison Kidd-Miller

____ A copy of this filing was served via:

    ____ hand delivery

    ____ mail

    ____ third-party commercial carrier for delivery within 3 days

    ____ electronic means, with the written consent of the party being served

To the following address: